UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ANTHONY T. MALCOMB,

    Plaintiff,

v.                                    Civil Action No. 2:09-cv-0647

DR. DESIGNU RAJA,
DR. ANTOINE KATINY, and
VICKI SMITH,

    Defendants.

MEMORANDUM OPINION AND ORDER

Pending is the motion of defendants Dr. Antoine Katiny and Vicki Smith to dismiss the amended complaint or, in the alternative, for summary judgment, filed September 9, 2009.

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who on August 24, 2010, submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommends that the court find that the undisputed facts concerning plaintiff's medical treatment from defendants Katiny and Smith fail to establish that defendants were deliberately indifferent to plaintiff's serious medical need. The magistrate judge further proposes that the court find that defendants are

entitled to qualified immunity on plaintiff's Eighth Amendment claims and that defendants are thus entitled to judgment as a matter of law on those claims. Accordingly, the magistrate judge recommends that the motion for summary judgment be granted and the motion to dismiss be denied as moot. On September 20, 2010, plaintiff objected to the magistrate judge's recommendation, asserting two objections.

Plaintiff first objects to the magistrate judge's proposed finding that the undisputed facts regarding defendants' treatment of plaintiff fail to establish that defendants were deliberately indifferent. Plaintiff contends that the magistrate judge, in reaching this recommendation, improperly resolved disputed facts. Specifically, plaintiff asserts that, contrary to the magistrate judge's recitation of the facts, "he was not given any pain medication for his shoulder injury for three days after he was assaulted, even though he had a prescription for pain medication." (Pl.'s Objs. 2). Plaintiff thus concludes that the facts, viewed in his favor, demonstrate deliberate indifference on defendants' part.

The record, however, does not support plaintiff's contention that defendants neglected to provide him with any pain medication. In her affidavit, defendant Smith attests that, upon

plaintiff's return to the South Western Regional Jail (the "SWRJ") on June 17, 2007, he was prescribed 50 mg of Ultram, twice a day for fourteen days to treat his pain. (Aff. of Vicki Smith ¶ 15). Smith was informed that plaintiff had previously been prescribed Lortab for his shoulder injury, but nevertheless ordered that he receive Ultram instead, inasmuch as Lortab was not on her employer's approved formulary of prescription and over-the-counter drugs. (<u>Id.</u>). Smith claims that she considered Ultram an adequate substitute to Lortab and thus decided against requesting the off-formulary medication. (<u>Id.</u> ¶¶ 14-15). Inasmuch as plaintiff has admitted that he was provided with Ultram for his pain, he cannot now contend that defendants were deliberately indifferent in refusing to provide him with any pain medication. (Compl. ¶ 33; Pl.'s Resp. to Mot. for Summ. J. 3). In essence, plaintiff's deliberate indifference claim is predicated on Smith's decision not to provide plaintiff with a particular pain medication. It is well settled, however, that "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985). Indeed, the Fourth Circuit has observed that an inmate's treatment may be limited to what is medically necessary as opposed to "that which may be considered

merely desirable" to the inmate.  Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).  Inasmuch as plaintiff was provided with an appropriate substitute to the medication he desired, his first objection is without merit.

Plaintiff next objects to the magistrate judge's proposed finding that defendants Katiny and Smith are entitled to qualified immunity on his Eighth Amendment claims against them.  Specifically, plaintiff contends that defendants violated his constitutional rights in allowing him "to lay in a cell on a thin mattress for three days in pain from a severe shoulder injury" without giving him any medication to alleviate his pain.  (Pl.'s Objs. 2-3).  As discussed above, however, plaintiff was provided medication for his pain, albeit not the medicine of his choosing.  Defendants' decision to provide plaintiff with one medication over another does not give rise to a constitutional violation.  See Bowring, 551 F.2d at 47-48.  Moreover, that plaintiff was initially housed in the booking area of the SWRJ due to a shortage of space in the medical unit was beyond the control of defendants Smith and Katiny and, in any event, does not amount to a constitutional violation.  See Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) ("To establish that a health care provider's actions constitute deliberate indifference to a serious medical

4

need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."). Accordingly, plaintiff's second objection is likewise without merit.

Inasmuch as plaintiff's objections are not meritorious, and following a _de novo_ review, the court concludes that the recommended disposition of the PF&R is correct. The court, accordingly, ORDERS as follows:

1. That the magistrate judge's PF&R be, and it hereby is, adopted and incorporated herein in its entirety;
2. That defendants' motion for summary judgment be, and it hereby is, granted; and
3. That defendants Dr. Antoine Katiny and Vicki Smith be, and they hereby are, dismissed from this action.

The Clerk is directed to forward copies of this written opinion and order to counsel of record, the _pro se_ plaintiff, and the United States Magistrate Judge.

DATED: September 22, 2010

John T. Copenhaver, Jr.
United States District Judge